FILED

DEC 0 6 2023

AT 8:30    12:56 P M
CLERK, U.S. DISTRICT COURT - DNJ

2021R00234/ADK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Georgette Castner |
| | : | |
| v. | : | Criminal No. 23-1041 |
| | : | |
| KENNY OSAS OKUONGHAE | : | Count 1 |
| | : | 18 U.S.C. § 1956(h) |
| | : | (Conspiracy to Commit Money |
| | : | Laundering) |
| | : | |
| | : | Counts 2 - 3 |
| | : | 18 U.S.C. § 1956(a) & § 2 |
| | : | (Money Laundering) |
| | : | |
| | : | Counts 4 - 5 |
| | : | 18 U.S.C. § 1957(a) & § 2 |
| | : | (Monetary Transactions Involving |
| | : | Criminally Derived Property) |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting in Newark,

charges:

## COUNT 1
(Conspiracy to Commit Money Laundering)

1.    At all times relevant to this Indictment:

### Individuals and Entities

a.    Defendant KENNY OSAS OKUONGHAE ("OKUONGHAE") was

a resident of New Jersey.

b.    OKUONGHAE formed and was the registered agent of Kenny

Global Enterprises, LLC (the "LLC").

c.    OKUONGHAE opened approximately 13 bank accounts either in his own name or the LLC's name (the "Bank Accounts") at various banks (the "Banks") between in or around January 2019 and in or around November 2021, including the following bank accounts:

i.   An account ending in -1221 (the "1221 Bank Account");

ii.  An account ending in -8975 (the "8975 Bank Account");

iii. An account ending in -4398 (the "4398 Bank Account");

iv.  An account ending in -1274 (the "1274 Bank Account");

v.   An account ending in -9854 (the "9854 Bank Account");

vi.  An account ending in -8439 (the "8439 Bank Account"); and

vii. An account ending in -0396 (the "0396 Bank Account).

d.    Victim-1 and Victim-5 were residents of the State of Ohio.

e.    Victim-2 and Victim-3 were residents of the State of Washington.

f.    Victim-4 was a resident of the State of California.

g.    Victim-6 was a resident of the State of Connecticut.

h.    Victim-7 was a resident of the State of Arizona.

i.    The Banks were domestic financial institutions within the meaning of Title 31, United States Code, Sections 5312 and 5313(a), and the regulations issued thereunder.

2

The Conspiracy

2. From in or around January 2019, through in or around October 2022, in Middlesex County, in the District of New Jersey, and elsewhere, the defendant,

**KENNY OSAS OKUONGHAE,**

did knowingly and intentionally conspire and agree with others:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, contrary to Title 18, United States Code, Section 1957(a).

3

## Goal of the Conspiracy

3.    The goal of the conspiracy was for OKUONGHAE and others (the "Co-conspirators") to enrich themselves by, among other things, conducting financial transactions involving money obtained from fraud to conceal and disguise the nature, source, and ownership of the funds.

## Manner and Means of the Conspiracy

4.    It was part of the conspiracy that:

a.    Co-conspirators caused Victim-1 to send more than approximately $144,000 by either: (a) a cashier's check in the amount of approximately $29,000 (the "Check") made payable to "Kenny Okuonghae"; or (b) wire transfers to the 1221 Bank Account, by making fraudulent representations that the funds would be used to aid an individual Victim-1 met online and for an investment in cryptocurrency. The Check was deposited into the 8975 Bank Account on or about April 5, 2022.

b.    Co-conspirators caused Victim-2 to send approximately $4,000 by wire transfer to the 1221 Bank Account by making fraudulent representations that the money would secure the rental of a property in the State of Washington.

c.    Co-conspirators caused Victim-3 to send approximately $15,000 by wire transfer to the 4398 Bank Account and approximately $100,000 in additional funds to other individuals or bank accounts by making fraudulent representations that the funds would be used to aid a person that

4

Victim-3 met online. The wire transfer noted that the funds were for a "personal loan".

     d.    Co-conspirators caused Victim-4 to send approximately two wire transfers totaling $28,000 to the 1274 Bank Account and an additional approximately $6,000 in funds to other individuals or bank accounts by making fraudulent representations that the funds would be used to aid a person that Victim-4 met online.

     e.    Co-conspirators caused Victim-5 to send more than approximately $100,000 in cashier's checks by mail to an address in New Jersey by making fraudulent representations that the funds would be used to help an individual Victim-5 met online get more than $1,000,000 that was supposedly being held in Syria. The cashier's checks, at the Co-conspirators' direction, were made out to "Kenny Okuonghae". The cashier's checks were all deposited into the 8975 Bank Account, including a cashier's check for approximately $44,000 that was deposited into the 8975 Bank Account on or about June 23, 2022.

     f.    Co-conspirators caused Victim-6 to send more than approximately $50,000 in cashier's checks by mail by making fraudulent representations that the funds would be used to help an individual Victim-6 met online obtain a package the had yet to clear customs. The cashier checks, at the co-conspirators' direction, were made out to "Kenny Okuonghae" and were deposited into the 8975 Bank Account.

g.      Co-conspirators caused Victim-7 to send more than approximately $555,000 by wire transfer to the 0396 Bank Account by making fraudulent representations that the funds would be used to help a person Victim-7 met online return to the United States.

h.      In total, the Co-conspirators caused more than approximately $4,000,000 in funds to be deposited into the Bank Accounts between in or around January 2019 and in or around October 2022.

i.      OKUONGHAE, when questioned by the Bank that held the 1221 Bank Account, attempted to cover up the conspiracy by falsely stating, in substance and in part, that: (a) the 1221 Bank Account was for his car parts business; (b) Victim-1's wire transfers were for the purchase of car engines and other car parts; (c) he had known Victim-1 for five years and (d) he had purchased car parts for Victim-1 in the past.

j.      OKUONGHAE conducted a series of deposits, withdrawals and transfers, including numerous transactions having a value of more than $10,000, to and from the Bank Accounts to conceal the source of the fraud proceeds and used other portions of the fraud proceeds for various personal expenditures.

In violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2 - 3
### (Money Laundering)

1.     The allegations contained in paragraphs 1 and 3-4 of Count 1 of this Indictment are realleged here.

2.     On or about the dates set forth below, in Middlesex County, in the District of New Jersey and elsewhere, the defendant,

**KENNY OSAS OKUONGHAE,**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity and that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | DATE | TRANSACTION | APPROX. AMOUNT |
|---|---|---|---|
| 2 | 5/19/20 | OKUONGHAE transferred funds from the 8439 Bank Account to the 9854 Bank Account | $10,000 |
| 3 | 6/23/22 | OKUONGHAE deposited a cashier's check into the 8975 Bank Account | $44,000 |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

7

## COUNTS 4 - 5
(Monetary Transactions in Criminally Derived Property)

1.      The allegations contained in paragraphs 1 and 3-4 of Count 1 of this Indictment are realleged here.

2.      On or about the dates set forth below, in Middlesex County, in the District of New Jersey and elsewhere, the defendant,

### KENNY OSAS OKUONGHAE,

did knowingly engage and attempt to engage in the monetary transactions set forth below, by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

| COUNT | DATE | TRANSACTION | APPROX. AMOUNT |
|---|---|---|---|
| 4 | 8/20/20 | OKUONGHAE obtained and transferred a cashier's check using funds in the 9854 Bank Account | $40,010 |
| 5 | 8/25/22 | OKUONGHAE obtained and transferred a cashier's check using funds in the 8975 Bank Account | $42,010 |

In violation of Title 18, United States Code, Section 1957(a) and Section 2.

8

## Forfeiture Allegations

1.    The allegations in Counts 1-5 are realleged here for the purpose of noticing forfeiture.

2.    Upon conviction of the money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957 alleged in Counts 1-5 of this Indictment, defendant KENNY OSAS OKUONGHAE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the money laundering offenses, and all property traceable to such property.

## Substitute Assets Provision

3.    If any of the property described above as being subject to forfeiture, as result of any act or omission of OKUONGHAE:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided,

it is the intention of the United States, pursuant to Title 21, United States

Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL

FOREPERSON

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

10

CASE NUMBER: <u>3:23-CR-1041 (GC)</u>

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.

### KENNY OSAS OKUONGHAE

## INDICTMENT FOR
**18 U.S.C. § 1956(h)**
**18 U.S.C. § 1956(a)**
**18 U.S.C. § 1957(a)**
**18 U.S.C. § 2**



**Foreperson**

PHILIP R. SELLINGER
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

ANDREW KOGAN
*ASSISTANT U.S. ATTORNEY*
*973-645-2700*