

NEW JERSEY OFFICE
06 POMPTON AVENUE, SUITE 25
CEDAR GROVE, NJ 07009
(973) 239-4300

NEW YORK OFFICE
347 5TH AVENUE, SUITE 1402
NEW YORK, NY 10016
(646) 205-2259

Lorraine@lgrlawgroup.com
WWW.LGAULIRUFO.COM
FAX: (973) 239-4310

January 19, 2026

*Via ECF and USPS*

The Honorable Georgette Castner
United States District Court Judge
District of New Jersey
Clarkson S. Fisher Building & United States
    Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:   *United States v. Kenny Okuonghae*
              23 Cr. 1041 (GC)

Dear Judge Castner:

     Counsel for Kenny Okuonghae ("Mr. Okuonghae") respectfully submits this letter brief objecting to proceeding with sentencing while the United States Attorney's Office for the District of New Jersey remains under the unlawful leadership structure established by Attorney General Pamela Bondi. Mr. Okuonghae's fundamental due process rights remain violated by the continuation

of prosecutorial authority in the hands of attorneys who lack any constitutional or statutory authorization to act in this role.[1]

## I. LEGAL BACKGROUND: THE TRIAD'S CONSTITUTIONAL DEFECTS

Since the Third Circuit's decision filed on December 1, 2025 in *United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025), it is now settled law that the prosecution of criminal cases in the District of New Jersey has been compromised by constitutional and statutory violations. The events are well-documented as follows.

### A. Alina Habba's Lawful Period: March 28 – July 1, 2025

Alina Habba ("Ms. Habba") was sworn in as Interim U.S. Attorney on March 28, 2025. Her appointment initially was constitutional and lawful. Judge Brann held that the 120-day limit on appointments set forth in 28 U.S.C. § 546 began with Interim U.S. Attorney Giordano's appointment on March 3, 2025[2], and expired on July 1, 2025, at which point Ms. Habba's lawful authority

---

[1] Several related challenges are pending in the DNJ, including *United States v. Raheel Naviwala*, 24 cr 99 (MWB) (a case pending before Chief Judge Brann, oral argument scheduled for January 23, 2026 in DNJ); *United States v. Pena*, Crim. No. 3:25-cr-00520 (ZNQ); *United States v. Fuquan Cromwell*, 24-cr-740 (KSH); *United States v. Gabriel Perez*, 25 cr 573(CPO); *United States v. Cifelli et al.*, 22 cr 172 (MAS); and, *United States v. Esposito*, 25cr 113 (CCC).

[2] John Giordano was sworn in as the Interim US Attorney for New Jersey on March 3, 2025. Ms. Habba replaced him on March 28, 2025.

expired. *United States v. Giraud*, 795 F. Supp. 3d 560, 578 (D.N.J. 2025), *aff'd*, 160 F.4th 390, 406–07 (3d Cir. 2025).

Mr. Okuonghae entered his guilty plea on April 29, 2025, which was a date when Ms. Habba was still a constitutionally valid interim U.S. Attorney. The plea was negotiated and entered into by lawful prosecutorial authority and accepted by the Court. *See* Docket Doc. No. 43.

### B. Ms. Habba's Unlawful Period: July 1 – December 8, 2025

As noted above, on July 1, 2025, Ms. Habba's authority expired because the 120-day statutory period under 28 U.S.C. § 546 had run and, after that date, only a Senate-confirmed U.S. Attorney under § 541(a) or a court-appointed U.S. Attorney under § 546(d) could lawfully hold the office. *Giraud*, 795 F. Supp. 3d at 578. Ms. Habba had neither. Yet between July 1 and July 24, 2025, Ms. Habba continued to exercise the full panoply of United States Attorney powers, despite lacking legal authority to do so. On July 24, 2025, the Attorney General attempted to resurrect her authority through a delegation scheme, naming Ms. Habba Special Attorney and First Assistant United States Attorney. This maneuver was foreclosed by *Giraud*, which held that the Federal Vacancies Reform Act's ("FVRA's") exclusivity provision bars using general delegation statutes to resurrect authority for a position that requires Presidential Appointment and Senate confirmation ("PAS"). *Id*. at 578.

### C. The "Triad" Structure: Same Defect, New Package

On December 8, 2025, one week after Ms. Habba resigned following the Third Circuit's affirmance in *Giraud*, Attorney General Bondi issued Order No. 6510-2025 establishing an "Executive Office" consisting of three non-Senate-confirmed attorneys:

- Philip Lamparello (Senior Counsel, overseeing Criminal and Special Prosecutions Divisions);
- Jordan Fox (Special Attorney, overseeing Civil and Appellate Divisions); and
- Ari Fontecchio (Executive Assistant U.S. Attorney, overseeing Administrative Division).

This structure is constitutionally defective for two independent reasons:

*First*, it replicates the unlawful delegation scheme that *Giraud* explicitly rejected. The delegation of all United States Attorney functions to non-PAS officials—bypassing the Appointments Clause requirement that principal officers, including U.S. Attorneys, be nominated by the President and confirmed by the Senate—violates that constitutional structure. Whether accomplished through one delegate or three is immaterial; the constitutional defect remains.

*Second*, even if the delegation were divisible (which it is not), the 120-day aggregate limit under 28 U.S.C. § 546 has long expired. The clock began on March 3, 2025, when Giordano was appointed, and expired on July 1, 2025. The Attorney

General cannot reset that clock by reorganizing the office or changing personnel. Once the 120-day period expires, the exclusive authority to fill the vacancy belongs to the district court judges under 28 U.S.C. § 546(d), not to the Attorney General.

## II.  THE PREJUDICE TO MR. OKUONGHAE: UNLAWFUL AUTHORITY TAINTS THE ENTIRE PROCEEDING

Mr. Okuonghae pled guilty on April 29, 2025, at a time when Ms. Habba was a lawfully sitting Interim U.S. Attorney. The critical defect is that his case has been prosecuted *after* the expiration of lawful authority. Following July 1, 2025, when Ms. Habba's authority expired, Mr. Okuonghae's prosecution has been overseen by an unlawfully constituted office: first by Ms. Habba acting without authority from July 1-24, then by the subsequent triad structure from December 8 onward. The right to due process does not permit the continuation of a case under unlawful prosecutorial authority, even if the initial charging and plea occurred under lawful authority.

### A.  The Guilty Plea Does Not Cure the Post-Plea Defect

While Mr. Okuonghae's guilty plea was accepted by a lawfully authorized U.S. Attorney, the defect arises *after* the plea of guilty was entered. A guilty plea waives trial rights, but it does not constitute consent to be sentenced by an unlawfully constituted office. The plea was valid when entered; the subsequent

5

prosecution under unlawful authority is not. The post-plea management and supervision of Mr. Okuonghae's case—occurred under the direction of an office lacking legal authority to act.

### B. Sentencing Proceedings Must Commence Under Lawful Authority

Sentencing is a vital stage of the criminal process, where fundamental fairness requires lawful prosecutorial authority. The Supreme Court has long recognized that "the time of sentencing is a critical stage in a criminal case," requiring full constitutional protections, including lawful procedures. *Mempa v. Rhay*, 389 U.S. 128, 134–35 (1967).

Sentencing in federal court, particularly in the post-*Booker* framework, thus carries constitutional significance no less than trial, as it is the point at which liberty is adjudicated and Sixth Amendment and Due Process constraints on fact-finding and procedure apply. *See Mempa v. Rhay*, 389 U.S. at 134–35; *United States v. Booker*, 543 U.S. 220, 226–27, 244 (2005). At sentencing, the Government will present facts, recommendations, and arguments that directly affect the Court's determination of Mr. Okuonghae's punishment. Allowing the unlawful triad to participate in sentencing compounds the constitutional violation rather than curing it.

6

The sentencing hearing should not proceed until there is a constitutionally valid United States Attorney in place—either through a proper appointment by the President and affirmed by the Senate pursuant to 28 U.S.C. § 541(a), or through a court-appointed interim U.S. Attorney pursuant to 28 U.S.C. § 546(d).

### III. THE EXECUTIVE OFFICE CANNOT RETROACTIVELY CURE PRIOR VIOLATIONS

Attorney General Bondi's response to the *Giraud* decision demonstrates a flagrant disregard for binding precedent. Rather than complying with the clear constitutional and statutory requirements, she created a new unlawful structure. This is not a good faith attempt to cure defects; it is gamesmanship.

#### A. No Retroactive Validation

The Constitution does not permit the Executive Branch to retroactively validate acts performed under unlawful authority. As the District Court in *Giraud* held, when actions are taken by persons lacking legal authority under the FVRA, those actions are forever void and may not be ratified. *Giraud*, 795 F. Supp. 3d at 600 (*citing* 5 U.S.C. § 3348(d)(1)–(2), (an action taken by any person who is not properly serving under the FVRA "in the performance of any function or duty of a vacant office" covered by the Act "shall have no force or effect" and "may not be ratified")). Mr. Okuonghae's case proceeded under the direction of Ms. Habba after July 1, 2025—a date on which she possessed no lawful authority—and under

the subsequent triad structure beginning December 8, 2025. Both structures are unconstitutional. No subsequent reorganization can cure this fundamental defect.

### B. The 120-Day Clock Cannot Be Reset, and Authority Cannot Be Retroactively Extended

The FVRA's 120-day limit is not ambiguous, and it does not reset with each new personnel arrangement or justify retroactive extension. The statute contemplates that if an Attorney General fails to make a compliant appointment within 120 days, authority reverts—not to the Attorney General for another try—but to the district court judges under 28 U.S.C. § 546(d).

Mr. Okuonghae's guilty plea on April 29, 2025 was valid because it occurred during the lawful period. However, his continued prosecution and the forthcoming sentencing cannot proceed under Ms. Habba's post-July 1 authority or under the triad structure. The subsequent attempts to keep Ms. Habba in office and then to divide her authority among three unconfirmed attorneys are transparent attempts to evade the statutory time limits and procedures that Congress deliberately imposed.

## IV. PROCEDURAL PATH FORWARD

This Court should issue an order staying Mr. Okuonghae's sentencing pending:

1. Appointment by the President and confirmation by the Senate of a properly qualified United States Attorney for the District of New Jersey under 28 U.S.C. § 541(a); or

    2. Court appointment of an interim United States Attorney under 28 U.S.C. § 546(d), with clear statutory authority and defined limits on duration.

Once constitutionally valid prosecutorial authority is established, sentencing may proceed.

## V.    CONCLUSION

Mr. Okuonghae does not seek to escape responsibility for his actions. He has accepted accountability through his guilty plea. However, he should not be sentenced by a judicial system operating under unlawfully constituted prosecutorial authority. The Third Circuit's ruling in *Giraud* was clear, binding, and unequivocal. The District Court should enforce it.

For these reasons, Mr. Okuonghae respectfully requests that this Court issue an order staying sentencing until the District of New Jersey has constitutionally valid prosecutorial authority, and that this Court takes whatever steps are necessary to ensure that criminal justice in this district proceeds under the rule of law.

                                                    Respectfully submitted,

                                                    *Lorraine Gauli-Rufo*
                                                  Lorraine Gauli-Rufo, Esq.,
                                                  Attorney for Kenny Okuonghae

cc: Andrew Kogan, AUSA